UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 3, 2014

LETTER TO COUNSEL:

RE:   *Damien John Moody v. Commissioner, Social Security Administration*;
       Civil No. SAG-12-2959

Dear Counsel:

On October 5, 2012, the Plaintiff, Damien John Moody, petitioned this Court to review the Social Security Administration's final decision to deny his request for waiver of an overpayment of Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Mr. Moody's Reply. (ECF Nos. 18, 20, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. § 405(g); *see Garnett v. Sullivan*, 905 F.2d 778, 780 (4th Cir. 1990). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Moody was found disabled as of September 1, 1997, and began receiving disability benefits. (Tr. 27, 28). Upon returning to work, Mr. Moody entered into a nine-month trial work period, which concluded in September, 1999. (Tr. 28). An extended period of eligibility began the following month, in October, 1999. *Id.* At that time, however, Mr. Moody engaged in substantial gainful work, which terminated his eligibility for disability payments after December, 1999.[1] (Tr. 23). Mr. Moody continued both working full time and collecting disability benefits from January, 2000 to March, 2007, resulting in a large overpayment. (Tr. 69-70). When the agency sought reimbursement, Mr. Moody requested a waiver of the overpayment, which was denied initially on September 15, 2008 (Tr. 57-66), and upon reconsideration on November 10, 2008. (Tr. 67-68). A hearing was held on September 21, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 344-69). After the hearing, the ALJ issued an opinion denying the waiver request and requiring repayment. (Tr. 10-17). The Appeals Council denied Mr. Moody's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The issue before the ALJ was whether Mr. Moody qualified for a waiver of an overpayment of disability benefits. (Tr. 13). An overpayment is defined as "the difference

---

[1] Although Mr. Moody's trial work period concluded in September, 1999, the Social Security Administration will pay benefits for the month disability ends and the following two months, no matter how much a claimant earns. Therefore, the agency correctly paid Mr. Moody through December, 1999. *See* (Tr. 20, 27, 32-34).

between the amount paid to the beneficiary and the amount of the payment to which the beneficiary was actually entitled." 20 C.F.R. § 404.504. When an overpayment occurs, the Social Security Administration will adjust any benefit payments due to an overpaid claimant, or recover the funds by, for example, requiring the claimant to refund the overpayment. *See* 42 U.S.C. § 404(a). No adjustment or recovery is permitted if: (1) the overpaid individual is without fault and; (2) recovery would defeat the purpose of Title II of the Act, or be "against equity and good conscience." 42 U.S.C. § 404(b); *Garnett*, 905 F.2d at 781. In determining whether an individual is without fault, the agency will consider all pertinent circumstances, including any physical, mental, educational, or linguistic limitations the individual might have. *See* 42 U.S.C. § 404(b); 20 C.F.R. § 404.507.

Fault is defined in the Social Security Administration's regulations, which provide that, what constitutes fault on the part of the overpaid individual depends upon whether the facts show that the overpayment resulted from:

> (a) an incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) failure to furnish information which he knew or should have known to be material; or (c) with respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. The overpaid claimant bears the burden of demonstrating that he is without fault, and that repayment would be inequitable, or would defeat the purposes of the Act. *Gatewood v. Astrue*, Civil No. JKS-08-1744, 2011 WL 939027, at *2 (D. Md. March 16, 2011). Even when the agency has some culpability in the overpayment, an assessment of fault applies only to the overpaid claimant. *See* 20 C.F.R. § 404.507. Therefore, Mr. Moody's argument that the agency shares the blame in causing the overpayment, by failing to contact Mr. Moody about his work, is unavailing. *See* Pl.'s Mot. 34.

The ALJ concluded that Mr. Moody was at fault in the creation of the overpayment, and declined to waive the overpayment amount. (Tr. 15-16). Mr. Moody presents three arguments on appeal. The common thread in all of Mr. Moody's arguments is that he was not at fault in causing the overpayment, because the marital abuse he suffered was so severe that he could not comply with the Social Security Administration's rules. First, Mr. Moody contends that the ALJ's credibility assessment is faulty because the ALJ failed to consider relevant evidence concerning the severity of his mental state. Pl.'s Mot. 26-28. Second, Mr. Moody disagrees with the ALJ's finding that he was fully functional during the period of overpayment. *Id.* at 28-35. Third, Mr. Moody takes issue with the ALJ's reasoning that his mental state during the period of overpayment could not have been severe, because Mr. Moody never sought psychiatric treatment, counseling, or medication for his alleged marital abuse. *Id.* at 35-36. None of Mr. Moody's arguments are persuasive.

Mr. Moody first challenges the ALJ's credibility assessment. He argues that the ALJ failed to consider all the evidence in the record. Pl.'s Mot. 26-28. Mr. Moody points to a letter

that he wrote the ALJ prior to the hearing, and to letters written by his girlfriend and mother. *See* (Tr. 42-46, 115-20, 121, 311). While the ALJ did not expressly consider those letters in his opinion, his credibility assessment is still supported by substantial evidence. The ALJ noted that Mr. Moody was capable of performing complex work in the field of information technology, in spite of the abuse he suffered. (Tr. 16). At his hearing, Mr. Moody stated that he was able to perform the tasks that his jobs required of him, *see* (Tr. 362), and that he took his work seriously. (Tr. 356). The function of this Court is not to weigh conflicting evidence, determine credibility, or substitute its judgment for that of the Commissioner's. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Accordingly, the Commissioner's weighing of the evidence is entitled to deference. Moreover, the letters in Mr. Moody's record do not bolster his credibility. Indeed, in one of the letters, dated April 9, 2008, Mr. Moody flatly admits to knowingly retaining disability benefits while working. *See* (Tr. 44) ("OF COURSE I wanted to hold on to my disability even while working, because I just never knew when the hell she would just blow up again and come after me and cause me to lose my job.") (emphasis in original). The letter from Mr. Moody's girlfriend lacks any firsthand knowledge of Mr. Moody's mental state during the period of overpayment, as Mr. Moody did not meet his girlfriend until 2007, well after his marriage ended. *See* (Tr. 121). The letter from Mr. Moody's mother also has no bearing on Mr. Moody's credibility. It merely describes Mr. Moody's "trusting" and "kind" nature, and repeats a fact that was already in the record before the ALJ–that Mr. Moody temporarily lived in a storage unit to escape his marital abuse. *See* (Tr. 44-45, 118, 320-22, 356-57, 363-640). Therefore, remand is not warranted on the basis of those letters.

Mr. Moody next argues that the ALJ should not have concluded that he functioned adequately during the period of overpayment. Pl.'s Mot. 28. However, the ALJ cited evidence showing that despite the marital abuse that Mr. Moody endured, he still held down jobs, paid bills on time, and managed his household. (Tr. 16). The ALJ's conclusion is supported by substantial evidence. As noted above, Mr. Moody testified that he performed adequately at work. (Tr. 353, 356, 362). The evidence also demonstrates that Mr. Moody negotiated a flexible payment schedule with his landlord when he fell behind on rent payments. *See* (Tr. 361-62). Additionally, Mr. Moody stated during the hearing that he normally cooked breakfast, and he enjoyed cooking and "staying healthy." (Tr. 358).

Finally, Mr. Moody takes issue with the ALJ's statement that, "it must be considered that he had functioned adequately on the job and with regard to other activities of daily living because, according to his testimony, he neither sought psychiatric treatment or counseling of any kind, nor took any psychotropic medications during his abusive marriage." (Tr. 16). As discussed above, the ALJ's conclusion that Mr. Moody's mental state would have permitted him to timely notify the agency that he had returned to work was supported by substantial evidence. There is no medical evidence of record whatsoever. While Mr. Moody contends that his mental health status precluded him from seeking treatment, the only evidence to support that position is his own claim. Moreover, the ALJ properly considered all of Mr. Moody's pertinent circumstances. Accordingly, I find that the ALJ's decision denying a waiver of an overpayment

*Damien John Moody v. Commissioner, Social Security Administration*
Civil No. SAG-12-2959
February 3, 2014
Page 4

of benefits is supported by substantial evidence, because Mr. Moody has failed to demonstrate that he is not without fault in causing the overpayment.

    For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (EDC No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                        Sincerely yours,

                                            /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge